NIGHT BOX
FILED
AUG 16 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

| | |
|---|---|
| ANDREA MEANEY,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.,<br>a Florida corporation,<br><br>Defendant. | Case No. 00-8751<br><br>CIV - HURLEY<br><br>**Complaint for Damages**<br><br>MAGISTRATE JUDGE<br>LYNCH |

Plaintiff, Andrea Meaney, sues Defendant, Publix Supermarkets, Inc., and alleges:

**Introduction**

1. This is an action by Andrea Meaney, a former Publix employee, who, after contracting ovarian cancer, was wrongfully denied reasonable accommodations for her disability in violation of the Americans with Disabilities Act of 1990. After complaining of the discrimination to Publix and the EEOC, Plaintiff was subjected to retaliation and further denials of reasonable accommodations, which ultimately led to her constructive discharge in February 1996. Plaintiff seeks relief under The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as well as her litigation costs and a reasonable attorney's fee.

**Jurisdiction**

2. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* Jurisdiction is founded on 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331 and § 1343(3) and (4). The court has jurisdiction to grant declaratory and further relief pursuant

to 28 U.S.C. § 2201 and § 2202.

3. Venue is proper in the West Palm Beach Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the claim arose in Boca Raton, Palm Beach County, Florida.

**Parties**

4. Plaintiff, Andrea Meaney (hereinafter "Meaney" or "Plaintiff"), was, at all times material, employed as a cashier and bakery clerk by Publix Supermarkets, Inc. In early 1995, Plaintiff was diagnosed with ovarian cancer. By virtue of this condition, Plaintiff is protected under the ADA in that:

a. She has a physical impairment, ovarian cancer, that substantially limits one or more major life activities, i.e., reproduction;

b. She has a record of such an impairment, and/or;

c. Defendant Publix regarded her as having such an impairment.

5. At all times material, Meaney was a qualified individual with a disability, in that she was able to perform the essential requirements of her position, either with or without reasonable accommodations for her disabilities.

6. Defendant Publix Supermarkets, Inc. (hereafter "Publix" or "Defendant") is and was, at all times material, a Florida corporation, and an "employer" as envisioned by the ADA, 42 U.S.C. § 12111(5).

**Compliance With Procedural Requirements**

7. Plaintiff timely filed charges of discrimination on or about September 8, 1995 with the United States Equal Employment Opportunity Commission (hereafter "EEOC") and the

Florida Commission on Human Relations (hereafter "FCHR"), alleging handicap discrimination. These charges were amended to include claims for denial of reasonable accommodations, retaliation, and constructive discharge.

8. After conducting its investigation, the EEOC, on May 18, 2000, issued its Notice of Right to Sue, finding reasonable cause to believe that a violation of the ADA occurred with respect to some or all of the matters alleged in Plaintiff's Charge of Discrimination. A copy of the Notice of Right to Sue is appended.

9. This civil action is being timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

**General Allegations**

10. Plaintiff was employed by Defendant from on or about December 10, 1986 until her separation from employment on February 10, 1996. At the time of Plaintiff's separation from employment, she worked as a bakery clerk at the Publix store located at 21230 Saint Andrews Boulevard, in Boca Raton, Florida.

11. In or about March, 1995, Plaintiff was diagnosed with cancerous ovarian cysts. The severe pain resulting from the ovarian cysts and radiation treatment made it difficult for Plaintiff to perform her then job as a cashier.

12. As a result of Plaintiff's medical condition, she took medical leave from her job in or about March 1995 through July 1995.

13. During her leave period, Plaintiff requested that she be given a job that would allow her to spend less time on her feet than she did as a cashier, but was told that no such "sit down" or other light duty jobs were available at that time.

14. Upon her return to work in July 1995, Plaintiff presented Publix with a letter dated July 21, 1995, from her physician, Dr. Jane Rudolph, M..D., requesting that Plaintiff be given reasonable accommodations in the form of a desk job or another light or limited duty position within Plaintiff's physical restrictions. Among the restrictions imposed on Plaintiff by Dr. Rudolph were that she needed to perform less strenuous and physically demanding work than she had as a cashier, that she not lift objects heavier than 20 pounds, that she not engage in activities that required her to bend over at her waist, and that she be permitted to sit down intermittently or take breaks approximately every two hours.

15. Prior to the written notification to Publix, Dr. Rudolph also spoke with Plaintiff's manager, Mike Adams, regarding Plaintiff's need for a light or limited duty position. Mr. Adams informed Dr. Rudolph that no desk jobs were available at that time, but he agreed to limit Plaintiff's required activities in accordance with Dr. Rudolph's restrictions.

16. After Plaintiff requested reasonable accommodations, Publix assigned her to work as a bakery clerk. The duties of the bakery clerk position, however, required Plaintiff to engage in physical activities that exceeded Dr. Rudolph's restrictions, including washing dishes, mopping floors and bending over to clean the freezer cases. Although Plaintiff informed her supervisors that the physical duties of the bakery clerk position were causing her a great deal of pain and exceeded Dr. Rudolph's restrictions, Publix required her to continue working as a bakery clerk.

17. In or about October 1995, Dr. Rudolph advised Plaintiff that because of her disability she should not engage in the heavy cleaning duties to which she had been assigned, and again requested that Plaintiff be given a desk job or other clerical type position that would

be within her physical restrictions.

18. In response to Dr. Rudolph's request, Publix advised Plaintiff that there were no desk jobs available at that time. Upon information and belief, however, there were open desk jobs or clerical positions that could have been made available to Plaintiff, without undue hardship to Publix.

19. Because the duties of the bakery clerk position were causing Plaintiff severe pain, and Publix refused to provide her with available desk or clerical jobs that were within her physical restrictions despite her repeated requests, Plaintiff resigned her employment with Publix on February 10, 1996.

20. No reasonable person would have continued working under the conditions to which Plaintiff was subjected by Publix after the denial of reasonable accommodations for Plaintiff's disability, and there are no legitimate, non-discriminatory reasons for Publix's treatment of Plaintiff following her request for reasonable accommodations.

**Count I/ADA discrimination claim**

21. Plaintiff Meaney realleges and adopts, as if fully set forth in Count I, the allegations of Paragraphs 1 through 20 above.

22. Meaney, by being subjected to the conduct more particularly described above, was subjected to intentional discrimination as proscribed by the ADA, 42 U.S.C. § 12112(a), in that she was denied reasonable accommodations for her disability and was constructively terminated from her employment as a result of such denial.

23. The discrimination to which Meaney was subjected was based upon her being disabled under the ADA: Defendant did not engage in similar conduct toward non-disabled

employees.

24. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff Meaney has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. The conduct of Defendant deprived Meaney of her statutory rights under the ADA, and was in such reckless indifference of the federally-protected rights of Plaintiff as to entitle her to an award of punitive damages against Defendant under the ADA, to punish it, and to deter others not to engage in such conduct in the future.

WHEREFORE, Plaintiff prays that this court will:

A. Issue a declaratory judgment that Defendant Publix's practices toward Meaney are violative of her rights under the ADA, 42 U.S.C. § 12101, *et seq*.

B. Enjoin Defendant from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their disabilities, which rights are secured against such behavior by the ADA, 42 U.S.C. § 12101, *et seq*..

C. Order Defendant to remedy the discrimination against Meaney by:

1. Reinstating Plaintiff to the position from which she was constructively discharged, or, if reinstatement is not feasible, awarding front pay in lieu of reinstatement.
2. Paying appropriate back pay.
3. Reinstating all benefits that Plaintiff would have enjoyed but for the discrimination.

4. Paying prejudgment interest.

D. Grant Meaney judgment for damages, including compensatory and punitive damages, against Defendant.

E. Provide any other relief that is appropriate.

F. Grant Meaney her costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

**Count II/ADA retaliation claim**

25. Plaintiff Meaney realleges and adopts, as if fully set forth in Count II, the allegations of Paragraphs 1 through 20 above.

26. Meaney, by being subjected to the conduct more particularly described above, was subjected to retaliation as proscribed by the ADA, in that she was subjected to adverse personnel actions after she complained of practices that she reasonably believed were prohibited by the ADA, which included but was not limited to the denial of reasonable accommodations for her disability, which led to her constructively termination from her employment.

27. The retaliation to which Meaney was subjected was based upon her having complained of discrimination in the workplace under the ADA: Defendant did not engage in similar conduct toward employees who did not complain of discrimination.

28. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff Meaney has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29. The conduct of Defendant deprived Meaney of her statutory rights under the ADA, and was in such reckless indifference of the federally-protected rights of Plaintiff as to

entitle her to an award of punitive damages against Defendant under the ADA, to punish it, and to deter others not to engage in such conduct in the future.

WHEREFORE, Plaintiff prays that this court will:

A. Issue a declaratory judgment that Defendant Publix's practices toward Meaney are violative of her rights under the ADA, 42 U.S.C. § 12101, *et seq.*

B. Enjoin Defendant from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their having complained of discrimination, which rights are secured against such behavior by the ADA, 42 U.S.C. § 12101, *et seq.*.

C. Order Defendant to remedy the discrimination against Meaney by:

1. Reinstating Plaintiff to the position from which she was constructively discharged, or, if reinstatement is not feasible, awarding front pay in lieu of reinstatement.
2. Paying appropriate back pay.
3. Reinstating all benefits that Plaintiff would have enjoyed but for the discrimination.
4. Paying prejudgment interest.

D. Grant Meaney judgment for damages, including compensatory and punitive damages, against Defendant.

E. Provide any other relief that is appropriate.

F. Grant Meaney her costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

Respectfully submitted,

Christopher C. Sharp, P.A.
Attorney for Plaintiff
2455 East Sunrise Boulevard, Suite 807
Fort Lauderdale, Florida 33304
Telephone: (954) 563-7374
Telecopier: (954) 563-2252

By: ______________________
Christopher C. Sharp
Fla. Bar No. 996858

Robert S. Norell, P.A.
Attorney for Plaintiff
500 N.E. 4th Street, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 463-4927
Telecopier: (954) 523-5008

By: ______________________
Robert S. Norell, P.A.
Fla. Bar No. 996777

Dated: August 16, 2000

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Andrea Meaney

**DEFENDANTS**
Publix Supermarkets Inc.

00-8751

CIV-HURLEY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

AW/PB/00-8751-CV-Hurley/Lynch

MAGISTRATE JUDGE
LYNCH

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher Sharp
2455 E. Sunrise Blvd. Ste 807 Ft. Lauderdale FL 33304 (954)563-7374

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

NIGHT BOX
FILED
AUG 16 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / WPB

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claims for discrimination and retaliation under ADA, 42 USC 12101, et. seq.

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ________ DOCKET NUMBER ________

DATE 8/16/00

SIGNATURE OF ATTORNEY OF RECORD [signature] Fla Bar No. 996858

**FOR OFFICE USE ONLY**

RECEIPT # 320214 AMOUNT $150.00 APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

08-17-00